**Charles JACKSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F-89-9.**

Court of Criminal Appeals of Oklahoma.

March 25, 1991.

As Amended on Denial of Rehearing June 27, 1991.

Thomas E. Salisbury, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

JOHNSON, Judge:

CHARLES JACKSON, appellant, was tried by jury for the crime of Murder in the First Degree, in violation of 21 O.S.1981, § 701.7, in Case No. CRF-86-4021 in the District Court of Tulsa County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at life imprisonment. The trial court sentenced appellant accordingly. From this Judgment and Sentence, appellant appeals.

Insomuch as we find that this case must be REVERSED, we find a recitation of the facts to be unnecessary. Prior to trial, appellant filed a Motion to Produce Numerous Documents, including fingerprint reports. On October 15, 1987, appellant filed a Notice of Alibi. Thereafter, on October 21, 1987, counsel filed an Amended Notice of Alibi. Appellant asserts that on November 2, 1987, the morning of trial, the State provided trial counsel with the results of the fingerprint comparison. The State responds that defense counsel signed for and received a copy of the report on October 27, 1987, five days before trial. Nevertheless, based on those results, which linked appellant to a getaway car, defense counsel moved to withdraw the earlier notice and amended notice of alibi, which was granted by the trial court. Appellant's defense at trial was that of self-defense.

Prior to cross-examination of the appellant, the State had the amended Notice of Alibi marked as a State's exhibit. Over a strenuous objection by defense counsel, the trial court allowed the exhibit into evidence for impeachment purposes. Thereafter, the prosecutor proceeded to cross-examine appellant concerning the withdrawn notice of alibi defense. This was clearly error. In *Sterling v. State,* 514 P.2d 401, 403 (Okl.Cr.1973), this Court specifically held that use of Notice of Alibi to impeach a defense witness was improper. Furthermore, by way of comparison, the Federal Rules of Criminal Procedure make it very clear that evidence of a withdrawn intention to rely upon an alibi defense or of statements made in connection therewith is inadmissible against the person who gave the notice in any civil or criminal proceeding. *See* Fed.R.Crim.P. 12.1(f).

We find that the inadmissible evidence concerning his withdrawn alibi was highly prejudicial. The evidence clearly affected his credibility as a witness. Furthermore, after a review of the record, we do not find the evidence of appellant's guilt to be such that it would render this error harmless. *See* 20 O.S.1981, § 3001.1. Insofar as appellant received the minimum sentence for the crime charged, we are left with no choice but to REVERSE and REMAND this case for a new trial.

LANE, P.J., and BRETT and PARKS, JJ., concur.

LUMPKIN, V.P.J., concurs in result.